UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YENIER HERNANDEZ BURGOS,<br>Plaintiff,<br>v.<br>TONYA ANDREWS, ET AL.,<br>Respondents. | No. 1:26-cv-07885-MKD<br>A# 245-424-042<br>ORDER GRANTING PETITION FOR HABEAS CORPUS AND REQUIRING BOND HEARING |

Petitioner, an immigration detainee at Golden State Annex proceeding *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. He alleges that immigration authorities released him on an order of recognizance after his entry into the United States in November 2023 and that he thereafter complied with annual reporting requirements. *Id.* at 5.

On August 11, 2026, Petitioner was arrested in Florida for controlled-substance possession and knowingly driving with a suspended license. ECF No. 9-3 at 5. Those charges remain pending. ECF No. 9-1 at 3. Government records reflect that ICE took Petitioner into custody on August 14, 2026. ECF No. 9-3 at

3. Petitioner alleges that he has not received a bond hearing and requests release or, alternatively, a hearing at which Respondents must justify his continued detention.

Under *Rodriguez Vazquez v. Bostock*, noncitizens present without admission who are apprehended in the interior of the United States "are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." 183 F.4th 1160, 1165 (9th Cir. 2026). Respondents acknowledge that this decision governs Petitioner's detention and that he is entitled to a custody redetermination hearing before an immigration judge. ECF No. 9 at 1. Respondents may well have a legitimate interest in Petitioner's detention based on the nature and recency of Petitioner's criminal charges. However, under these circumstances, the appropriate remedy is a bond hearing at which Respondents bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a flight risk or danger to the community sufficient to justify continued detention. *See, e.g.*, *Barrantes Montiel v. Warden*, No. 1:26-cv-07175, (E.D. Cal. Sept. 17, 2026), ECF No. 8 at 3.

Accordingly, **IT IS HEREBY ORDERED:**

1. The Petition for Writ of Habeas Corpus, **ECF No. 1**, is **GRANTED**, as set forth below.

2. **Within ten days of this Order**, unless Petitioner requests a later date, Respondents **SHALL** provide Petitioner an individualized bond

hearing before an immigration judge under 8 U.S.C. § 1226(a). At that hearing, "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community" to justify detention without bond. *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011).

3. In determining conditions of release and setting any bond, the immigration judge **SHALL** consider Petitioner's financial circumstances and alternative conditions of release. *See Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

4. Respondents **SHALL** provide Petitioner at least 72 hours' written notice of the hearing in a language he understands. Petitioner **SHALL** be permitted to appear and be represented by counsel. Any counsel appearing on his behalf **SHALL** also receive at least 72 hours' notice.

5. Respondents **SHALL** provide a copy of this Order to the immigration judge presiding over the bond hearing and arrange for the hearing to be recorded.

6. If Respondents do not provide the required hearing within ten days, absent an extension requested by Petitioner, Respondents **SHALL** immediately release him.

7. The Clerk of Court is directed to serve Golden State Annex in McFarland, California, with a copy of this Order.

**IT IS SO ORDERED.** The Clerk of Court shall enter judgment for Petitioner and **CLOSE** this case.

DATED October 7, 2026.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE